**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LICHUN SONG, | No. 13-71001 |
| Petitioner, | Agency No. A099-421-430 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Lichun Song, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

order of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

substantial evidence the agency's factual findings, and review de novo questions of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law. *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Song conceded that she knowingly filed a false claim for asylum, and substantial evidence supports the agency's determination that Song received adequate notice of the consequences of filing a frivolous application and thus knowingly filed a frivolous application for asylum. *See* 8 U.S.C. § 1158(d)(4)(A), (6). The record shows that Song's asylum interview was monitored by an interpreter to ensure there were no mistranslations, and during her asylum interview Song signed the Record of Applicant's Oath During an Interview swearing that she was advised of the consequences of filing a frivolous application by the interpreter and she signed her asylum application. *See Kulakchyan*, 730 F.3d at 995; *Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012) ("written warning on the asylum application adequately notifies the applicant of . . . the consequences of knowingly filing a frivolous asylum application.").

Substantial evidence also supports the agency's adverse credibility determination based on Song's history of misrepresentations before United States government officials, as well as her inability to reconcile the discrepancies in the record regarding her marital history. *See Shrestha v. Holder*, 590 F.3d 1034, 1039, 1044 (9th Cir. 2010).

13-71001

Song did not raise, and has therefore waived, any challenge to the agency's withholding of removal determination. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in opening brief are waived).

We lack jurisdiction to review Song's unexhausted contentions regarding the agency's reliance on her misrepresentations to the consulate in China; the reliability of the oath signed at the asylum office; the lack of procedural safeguards at the asylum office; and her lack of opportunity to cross-examine the interpreter who monitored the asylum interview. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED IN PART.**