
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JIRAIR STEPANIAN, | ) | Nos. 13-70194 |
| | ) | 14-71072 |
| Petitioner, | ) | |
| | ) | Agency No. A095-197-260 |
| v. | ) | |
| | ) | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 11, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Jirair Stepanian, who is ethnically Armenian and who alleged that he was a

native and citizen of Iran, petitions for review of the Board of Immigration

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Appeals' (BIA) denial of his application for asylum,[1] withholding of removal,[2] and Convention Against Torture (CAT) relief,[3] as well as its determination that he had filed a frivolous asylum application.[4] He also petitions for review of the BIA's order denying reopening[5] and reconsideration.[6] We deny the petition in part, grant them in part, and remand.

(1) The BIA's determination that an alien is "not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse

---

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 implemented at 8 C.F.R. § 1208.18.

[4]8 U.S.C. § 1158(d)(6).

[5]8 U.S.C. § 1229a(c)(7).

[6]*Id.* at (c)(6).

determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Elias-Zacarias*, 502 U.S. at 483–84, 112 S. Ct. at 817. The same standard applies to credibility determinations. *See Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). However, when a determination is based upon credibility, "'a specific, cogent reason for any stated disbelief'" must be offered. *Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004).

We have reviewed the record and are satisfied that the BIA's decision is supported by substantial evidence;[7] it properly pointed to inconsistencies that went to the heart of Stepanian's asylum claim,[8] as well as numerous other inconsistencies.[9] For example, a major inconsistency was demonstrated by a visa application that he filed, which indicated that he had an Armenian passport and resided and worked in Armenia as a winemaker very close to the time that he was

---

[7]When the BIA both adopts the reasoning of the Immigration Judge (IJ) and contributes its own reasoning, we review both decisions. *See Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

[8]*See Rizk v. Holder*, 629 F.3d 1083, 1087–88 (9th Cir. 2011); *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).

[9]*See Risk*, 629 F.3d at 1088.

allegedly persecuted in Iran;[10] that was just before he entered the United States.[11] The inconsistencies regarding his testimony that his biological parents had always lived in Iran,[12] as had his siblings, and, indeed, were still there,[13] also supported the adverse credibility determination.[14]  Moreover, he had every opportunity to explain the inconsistencies,[15] but the IJ and BIA reasonably rejected his explanations as unsatisfactory.[16]  Thus, we are unable to say that a "reasonable factfinder would have to conclude that the requisite fear of persecution [in Iran] existed." *Elias-Zacarias*, 502 U.S. at 481, 112 S. Ct. at 815.

(2)    Because Stepanian did not meet his burden regarding asylum, he necessarily failed to establish eligibility for withholding of removal.  *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

---

[10]About eighteen days after.  That was despite the fact that he said he had never been in Armenia.

[11]About two weeks before.

[12]In fact, they had lived in Armenia since 1971.

[13]They were residing in Glendale, California, at the time that he testified.

[14]We, of course, consider all of the evidence presented in the case.  *See Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005).

[15]*See Khadka v. Holder*, 618 F.3d 996, 1001 n.4 (9th Cir. 2010).

[16]*See Wang*, 352 F.3d at 1258.

(3)     The evidence in the record does not compel a determination that it is more likely than not that Stepanian would be tortured in Armenia; the place to which he is to be removed.  Evidence about Iran is irrelevant for CAT purposes. Thus, he is not entitled to CAT relief.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

(4)     Stepanian also asserts that the BIA erred in determining that he had deliberately filed a frivolous asylum application[17] because, he argues, the BIA did not follow the correct framework in reaching that decision.[18]  We agree.  Due to the serious consequences of a deliberate fabrication finding, the framework must be carefully adhered to.  Here, part of that framework was sufficiently complied with—that is, he did have sufficient notice and was given an ample opportunity to explain discrepancies in his testimony.  *See Yan Liu v. Holder*, 640 F.3d 918, 928 (9th Cir. 2011); *Matter of B-Y-*, 25 I. & N. Dec. 236, 241–42 (B.I.A. 2010); *see also In re Y-L-*, 24 I. & N. Dec. 151, 159–60 (B.I.A. 2007).  However, neither the IJ nor the BIA made specific findings that Stepanian "'deliberately fabricated material elements of his asylum claim.'"  *Matter of B-Y-*, 25 I. & N. Dec. at 241;

---

[17]*See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 1208.20.

[18]*See Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010); *see also Kulakchyan v. Holder*, 730 F.3d 993, 995–96 (9th Cir. 2013) (per curiam).

*see also Fernandes*, 619 F.3d at 1076. Nor did they specifically incorporate factual findings from the credibility determination. *Matter of B-Y-*, 25 I. & N. Dec. at 239–40. In short, they did not adhere to the BIA's own framework requirements. Thus, we grant the petition in this respect and remand to the BIA for further consideration.

(5)   The BIA did not abuse its discretion[19] when it denied Stepanian's motion to reopen[20] or reconsider[21] its denial of his petition for asylum, withholding or CAT relief. As the BIA pointed out, Stepanian's motion was made a year after its decision and was, therefore, untimely. The motion to reconsider was not filed within thirty days. *See* 8 U.S.C. § 1229a(c)(6)(B). Moreover, the motion to reopen was not filed within ninety days[22] and no exceptions applied.[23]

Petition 13-70194 DENIED in part, GRANTED in part, and REMANDED.

Petition 14-71072 DENIED. The parties shall bear their own costs on appeal.

---

[19]*See Valeriano v. Gonzales*, 474 F.3d 669, 672 (9th Cir. 2007).

[20]8 U.S.C. § 1229a(c)(7); *INS v. Wang*, 450 U.S. 139, 140–41, 101 S. Ct. 1027, 1029, 67 L. Ed. 2d 123 (1981) (per curiam).

[21]8 U.S.C. § 1229a(c)(6).

[22]*Id.* at (c)(7)(C)(i).

[23]*Id.* at (c)(7)(C)(ii)–(iv); 8 C.F.R. § 1003.2(c)(3).