**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAZMIK BYUZAND KULAKCHYAN, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent.* | No. 09-71185 Agency No. A079-262-811 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 26, 2013[*]
Pasadena, California

Filed September 18, 2013

Before: Diarmuid F. O'Scannlain and Morgan Christen,
Circuit Judges, and Brian M. Cogan,[**] District Judge.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Brian M. Cogan, U.S. District Judge for the Eastern District of New York, Brooklyn, sitting by designation.

## SUMMARY<sup>***</sup>

### Immigration

The panel denied a petition for review of the Board of Immigration Appeals' decision affirming an immigration judge's determination that petitioner knowingly filed a frivolous asylum application and that she was statutorily barred from adjustment of status and a waiver under 8 U.S.C. § 1182(i) on that basis.

The panel held that there was substantial evidence in the record to support the Board's determination that petitioner received adequate warnings about the potential consequences for filing a frivolous asylum application, and that her misrepresentations concerning her arrival date were material to the asylum claim she filed and later withdrew.

The panel gave *Chevron* deference to the Board's decision in *Matter of X-M-C-*, 25 I. & N. Dec. 322 (B.I.A. 2010), which held that the only action required to trigger a frivolousness inquiry is the filing of an asylum application and that the Board is not prevented from finding that an application is frivolous simply because the applicant withdrew the application or recanted false statements.

---

*** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Areg Kazaryan, Glendale, California, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; and Tracie N. Jones, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

**OPINION**

PER CURIAM:

Petitioner seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision declaring her asylum application frivolous. For the reasons set forth below, the petition for review is denied.

**I**

Petitioner, a native and citizen of Armenia, applied for asylum and provided a false arrival date on both her application and during her asylum interview. An asylum officer denied petitioner's application as time-barred after discovering her actual arrival date and petitioner was placed in removal proceedings. Petitioner eventually withdrew her request for asylum, and instead sought an adjustment of status and a waiver under 8 U.S.C. § 1182(i) (a "§ 212(i) waiver").

The IJ granted the Department of Homeland Security's ("DHS") motion to pretermit petitioner's applications for

adjustment of status and a § 212(i) waiver on the basis that petitioner knowingly filed a frivolous asylum application. The BIA affirmed the IJ's determination that petitioner knowingly filed a frivolous asylum application and that she was statutorily barred from adjustment of status and a § 212(i) waiver on that basis.

## II

A "determination that an applicant knowingly made a frivolous application for asylum" is reviewed de novo "for compliance with [the] procedural framework outlined by the BIA." *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010).[1] "Whether the IJ properly applied the regulatory framework is a question of law," *id.*, and therefore is reviewed de novo. *See Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). Administrative findings of fact, meanwhile, "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Petitioner does not contend that the content of the warnings she received was inadequate, but rather argues only that she did not receive "thorough" translations of these warnings. But the evidence in the record is to the contrary.

---

[1] The BIA's framework requires compliance with the following safeguards: (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim. *See Matter of Y-L-*, 24 I.&N. Dec. 151 (B.I.A. 2007).

Petitioner's application-preparer certified that the application was read to her in her native language, and a separate interpreter certified that she read the warnings to petitioner with regard to the "Record of Applicant's Oath During an Interview." The asylum officer's notes confirm this. Thus, there was substantial evidence in the record to support the IJ's and BIA's findings that petitioner received the required warnings.

Likewise, there is no merit in petitioner's argument that her misrepresentations concerning her entry date were immaterial. This court has already concluded that a misrepresentation in an asylum application about the date of entry is material, commenting that the misrepresentation "went to the very question of whether his application was time-barred in the first instance." *Kailu v. Mukasey*, 548 F.3d 1215, 1217 n.2 (9th Cir. 2008). And although petitioner argues that her misrepresentation was immaterial because she could have applied under the exception for changed or extraordinary circumstances, 8 U.S.C. § 1158(a)(2)(D), the fact remains that she never did so. Petitioner's misrepresentation was thus material to the asylum claim that she *did* file; that she theoretically could have filed a different claim is irrelevant.

Petitioner's argument that she did not receive a sufficient opportunity to explain her misrepresentations is also without merit. After DHS filed a motion to pretermit petitioner's applications on November 26, 2006, petitioner filed an opposition brief on March 6, 2007. Petitioner thus had several months to craft her explanation in response to DHS's motion, and did so. Petitioner is also incorrect that the IJ and BIA failed to give sufficient weight to her youth and lack of sophistication. The IJ considered and rejected this argument,

and made factually-supported findings that petitioner "demonstrated a certain sophistication in misrepresenting" the story of her entry.

## III

In *Chen v. Mukasey*, 527 F.3d 935, 940–43 (9th Cir. 2008), we suggested that 8 U.S.C. § 1158(d)(6) likely permits a finding of frivolousness even where an alien withdraws a frivolous application, but remanded to the BIA to interpret the statute in the first instance. The BIA has now held, in a published opinion, that the "the only action required to trigger a frivolousness inquiry is the filing of an asylum application" and that the IJ and BIA "are not prevented from finding that an application is frivolous simply because the applicant withdrew the application or recanted false statements." *Matter of X-M-C-*, 25 I. & N. Dec. 322, 325–26 (B.I.A. 2010).

Even if 8 U.S.C. § 1158(d)(6) were ambiguous with regard to this question, this Court nonetheless would owe *Chevron* deference to the BIA's published interpretation of a statute. *See Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 739 (9th Cir. 2012). The BIA's interpretation of 8 U.S.C. § 1158(d)(6) is reasonable, and well-grounded in the policy behind that statute, which is "to prevent petitioners from making frivolous applications." *Chen*, 527 F.3d at 943. We therefore join several of our sister circuits in holding that § 1158(d)(6) permits a frivolousness finding based on a withdrawn application. *See Zheng v. Holder*, 672 F.3d 178, 180 (2d Cir. 2012); *Lazar v. Gonzales*, 500 F.3d 469, 476–77 (6th Cir. 2007).

**PETITION DENIED.**