**NOT FOR PUBLICATION**

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER KAUR,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 10-73603<br><br>Agency No. A075-615-411<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 12, 2015
San Francisco, California

Before: HAWKINS and WATFORD, Circuit Judges, and ROTHSTEIN,[**] Senior
District Judge.

**1.** The Board of Immigration Appeals (BIA) did not err in finding petitioner

Surinder Kaur ineligible for immigration benefits because of her previously filed

frivolous asylum application.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

Under 8 U.S.C. § 1158(d)(6), if "an alien has knowingly made a frivolous application for asylum" and has received appropriate notice, "the alien shall be permanently ineligible for any benefits" under the Immigration and Nationality Act (INA). An application is frivolous "if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. To provide adequate notice, the Attorney General must "advise the alien of the privilege of being represented by counsel and of the consequences . . . of knowingly filing a frivolous application," and must "provide the alien a list of persons" who could represent the alien pro bono. 8 U.S.C. § 1158(d)(4). To support a finding of frivolousness, the BIA must also "make specific findings that the applicant knowingly filed a frivolous application; [] those findings must be supported by a preponderance of the evidence; and [] the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application." *Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) (quoting *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008)).

Kaur admits that she made knowingly false representations in her 2003 asylum application. She received adequate notice of the consequences of doing so. The application stated that frivolous applications could result in permanent ineligibility for benefits under the INA, and Kaur acknowledged that she had the right to representation by counsel and had been provided with a list of pro bono

attorneys who could represent her. *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012). The BIA affirmed the immigration judge's finding that Kaur had knowingly submitted a frivolous application, and that finding was supported by a preponderance of the evidence.

Kaur argues that she did not have an adequate opportunity to explain her reasons for filing a frivolous asylum application. This argument is unavailing, because Kaur had an opportunity to explain those reasons in a brief submitted to the immigration judge (IJ). *See Kulakchyan v. Holder*, 730 F.3d 993, 996 (9th Cir. 2013) (concluding that petitioner's brief afforded her an adequate opportunity to explain her misrepresentations). For the same reason, Kaur's due process argument also fails.

**2.** Kaur argues that the IJ should not have made a frivolousness finding because Kaur had recanted her false statements before a merits hearing was held, and because she would have withdrawn her frivolous asylum application even earlier had she had better counsel. Both arguments fail because "§ 1158(d)(6) permits a frivolousness finding based on a withdrawn application." *Id.* Thus, the point at which Kaur withdrew her application is irrelevant.

**3.** Kaur argues that her misrepresentations are excusable because she feared removal to India and permanent separation from her kidnapped daughter. This

argument fails. Even if there is a "duress" exception to the § 1158(d)(6) frivolousness bar, Kaur's fears of removal and familial separation would not rise to the level necessary to satisfy it. The BIA thus did not err in refusing to consider a potential duress exception.

**4.** Kaur's argument that her I-601 waiver may excuse her frivolous asylum application fails, because a frivolousness finding operates as a complete bar to relief under the INA. *See* 8 U.S.C. § 1158(d)(6); *Kulakchyan*, 730 F.3d at 995–96.

**PETITION DENIED.**