**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 21 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMIT MEHRA, | No.  14-72199 |
| Petitioner, | Agency No. A097-866-386 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:      BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Petitioner Amit Mehra, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for adjustment of

status.   We have jurisdiction under 8 U.S.C. § 1252.   The agency's determination

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA. *Kulakchyan v. Holder*, 730 F.3d 993, 995, 995 n. 1 (9th Cir. 2013) (citing the procedural safeguards set forth in *Matter of Y-L-*, 24 I. & N. Dec. 151 (BIA 2007)). We review for substantial evidence the agency's findings of fact, *see id.*, and we review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010).

Considering the *Matter of Y-L-* safeguards, the agency found that Mehra filed a frivolous asylum application and denied his application for adjustment of status. Mehra does not argue the agency failed to make a specific finding that he filed a frivolous application or did not afford him a sufficient opportunity to account for discrepancies or implausible aspects of his claim. Contrary to Mehra's contentions, he received adequate notice of the consequences of filing a frivolous asylum application, *see Cheema v. Holder*, 693 F.3d 1045, 1049, 1049 n. 4 (9th Cir. 2012), and the record contains sufficient evidence that he deliberately fabricated a material element of his asylum application, *see Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) (concluding that the agency's finding that the application was fraudulent was supported by a preponderance of the evidence).

We reject Mehra's contention that the agency should not have made a frivolousness finding because he had withdrawn his application. *See Kulakchyan*, 730 F.3d at 996. We reject Mehra's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim). Thus, we uphold the agency's finding of frivolousness. Because Mehra filed a frivolous asylum application, the agency properly found him ineligible for adjustment of status. *See* 8 U.S.C. § 1158(d)(6).

**PETITION FOR REVIEW DENIED.**