**NOT FOR PUBLICATION**

**FILED**

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONG KHUN, | No.    14-71237 |
| Petitioner, | Agency No. A095-192-389 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Hong Khun, a native and citizen of Cambodia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for adjustment of

status.  We have jurisdiction under 8 U.S.C. § 1252.  The agency's determination

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA, *Kulakchyan v. Holder*, 730 F.3d 993, 995 n.1 (9th Cir. 2013) (citing the procedural safeguards set forth in *Matter of Y- L-*, 24 I. & N. Dec. 151 (BIA 2007)), and we review for substantial evidence the agency's findings of fact, *see id.* at 995. We deny the petition for review.

The agency found that Khun was barred from adjustment of status because she filed a frivolous asylum application. Contrary to Khun's contentions, the record supports the agency's finding that Khun was adequately notified of the consequences of filing a frivolous asylum application based on the notice printed on the asylum application that she signed, and her testimony about the written and oral warnings she received at her asylum interview. *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012). We reject Khun's contention that the agency erred in finding that she filed a frivolous asylum application where she only sought to proceed with her application for adjustment of status. *See Kulakchyan*, 730 F.3d at 996 ("the only action required to trigger a frivolousness inquiry is the filing of an asylum application") (internal citation omitted); *see Chen v. Mukasey*, 527 F.3d 935, 943 (9th Cir. 2008) ("withdrawal of an asylum application does not obviate the need for an IJ to determine whether a false application should be deemed frivolous"). Because Khun filed a frivolous asylum application, the agency

14-71237

properly found her ineligible for adjustment of status. *See* 8 U.S.C. § 1158(d)(6).

**PETITION FOR REVIEW DENIED.**