**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIAM MELKONYAN, | No. 14-73669 |
| Petitioner, | Agency No. A088-591-026 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Mariam Melkonyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The agency's determination that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA, *Kulakchyan v. Holder*, 730 F.3d 993, 995 n.1 (9th Cir. 2013), and we review de novo due process claims, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination, based on Melkonyan's demeanor as described by the IJ, *see Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir. 2014) (giving special deference to findings based on demeanor), and her failure to corroborate her husband's death and that foul play was involved, *see Bhattarai v. Lynch*, 835 F.3d 1037, 1043-44 (9th Cir. 2016) (explaining procedural requirements for an adverse credibility determination to be supported by lack of corroboration). The agency did not err in rejecting Melkonyan's explanations for her failure to corroborate. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007) (agency does not abuse its discretion "by failing to interpret the evidence in the manner advocated by [petitioner]."). In the absence of credible testimony, in this case, Melkonyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

14-73669

Melkonyan's CAT claim fails because it is based on the same testimony the agency found not credible, and Melkonyan does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of a public official in Armenia. *See id.* at 1156-57.

We reject Melkonyan's contention that the IJ violated her due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Finally, the agency did not err in finding Melkonyan filed a frivolous asylum application where it complied with the procedural requirements of *In re Y- L-*, 24 I. & N. Dec. 151, 151-52 (BIA 2007). Melkonyan does not argue that she did not receive adequate notice of the consequences of filing a frivolous application, or that the IJ failed to make an explicit finding that she knowingly filed a frivolous asylum application. A preponderance of the evidence supports the IJ's determination that Melkonyan knowingly filed a frivolous application. *See Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). Further, Melkonyan was given "ample opportunity . . . to address and account for any deliberate, material fabrications[.]" *See id.* at 919 (citation and internal quotation marks omitted). We reject Melkonyan's contention that the BIA erred in its analysis.

**PETITION FOR REVIEW DENIED.**