NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIUSHENG HU, | No. 13-72492 |
| Petitioner, | Agency No. A089-595-205 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018[**]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Xiusheng Hu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). The agency's determination that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA. *Kulakchyan v. Holder*, 730 F.3d 993, 995 & n.1 (9th Cir. 2013). We deny in part and grant in part the petition for review, and we remand.

We do not consider the materials Hu references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determination that the harm Hu suffered after being arrested by the police in 2007 did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (finding harm did not rise to the level of persecution where on one occasion petitioner was detained for three days, beaten, and interrogated). As to his fear of future persecution, substantial evidence supports the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Hu filed his asylum application in 2008, but testified that he first learned the police were looking for him in January 2009. Hu's explanations do not compel a contrary conclusion. *See Lata v.*

*INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Hu's contention that the agency erred by applying the adverse credibility determination to his claim based on his 2007 police encounter. *See Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) ("The law of this circuit permits the use of the maxim *falsus in uno, falsus in omnibus* in the immigration context."). Substantial evidence also supports the agency's determination that Hu otherwise failed to establish a fear of future persecution based on his religious practice in the United States. *See Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, we deny the petition for review as to Hu's asylum claim.

Because petitioner failed to establish eligibility for asylum, in this case, he did not establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Hu failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

However, the record does not establish by a preponderance of the evidence that Hu deliberately fabricated a material element of his asylum application. *See Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010) (distinguishing between the standards for adverse credibility determinations and the heightened standards for

13-72492

frivolous application findings). Thus, we grant the petition for review as to the frivolousness finding, and remand this case for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.