**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIUZHU YE,<br><br>               Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No.   13-70172<br><br>Agency No. A099-910-317<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Qiuzhu Ye, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  The agency's determination that an applicant knowingly made a frivolous application for asylum is reviewed de novo for compliance with the procedural framework set forth by the BIA.  *Kulakchyan v. Holder*, 730 F.3d 993, 995 n.1 (9th Cir. 2013).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Ye's testimony and asylum declaration as to whether she had a forced abortion in China, and her admitted misrepresentations regarding the whereabouts of her ex-husband and first child and the identity of her second child's father.  *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances).  Ye's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Thus, in the absence of credible testimony, in this case, Ye's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

13-70172

Ye's CAT claim also fails because it is based on the same testimony the agency found not credible, and Ye does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government of China. *Id*. at 1156-57.

The agency did not err in finding Ye filed a frivolous asylum application where it complied with the procedural requirements of *In re Y-L-*, 24 I. & N. Dec. 151, 151-52 (BIA 2007). A preponderance of the evidence supports the IJ's finding that Ye deliberately fabricated a material element of her application. *See* 8 C.F.R. § 1208.20 ("[A]n asylum application is frivolous if any of its material elements is deliberately fabricated."); *Ahir v. Mukasey*, 527 F.3d 912, 918-19 (9th Cir. 2008). Further, Ye was given "ample opportunity . . . to address and account for any deliberate, material fabrications[.]" *See Ahir*, 527 F.3d at 919 (citation and internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**

13-70172