**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIUQIN YAN,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.   16-73481<br><br>Agency No. A200-781-003<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2020[**]
Pasadena, California

Before:  IKUTA and LEE, Circuit Judges, and MARBLEY,[***] District Judge.

Xiuqin Yan, a native and citizen of China, petitions for review of the Board

of Immigration Appeal's decision affirming the denial of her asylum application and

the finding of a frivolous application.  We have jurisdiction under 8 U.S.C. § 1252,

and we deny the petition.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Algenon L. Marbley, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1.     We review the denial of asylum for substantial evidence. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We must affirm the BIA's decision unless "the evidence not only *supports* a contrary conclusion, but *compels* it." *Id*. (emphasis in original).

Substantial evidence supports the BIA's decision to affirm the Immigration Judge's adverse credibility determination, which was based on over a dozen inconsistencies throughout Yan's testimony. These inconsistencies, which are supported by the record, undermine Yan's core claim that she was persecuted for attending a house church in China. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

In the absence of her discredited testimony, the record lacks sufficient evidence for Yan to demonstrate "past persecution or a well-founded fear of future persecution on a protected ground." *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011). Accordingly, the BIA did not err in affirming the denial of asylum.

2.     Under 8 U.S.C. § 1158(d)(6), an alien who has "knowingly made a frivolous application for asylum" is "permanently ineligible" for immigration benefits. We review a frivolous finding for whether a preponderance of the evidence

2

establishes that the alien "deliberately fabricated a material element" of her asylum application. *See Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010).

A preponderance of the evidence supports the BIA's affirmance of the IJ's frivolous finding. When asked on her asylum application whether she had ever been arrested outside the United States, Yan omitted her prior arrest for kidnapping in Poland. The deliberateness of this omission was confirmed at Yan's merits hearing, when she at first denied ever being arrested in Poland. Only after being confronted with details from an INTERPOL warrant did Yan admit to the arrest, which she followed with an implausible explanation for omitting it from her application.

Yan's deliberate omission of her arrest for kidnapping goes to a "material element" of her application because, under 8 U.S.C. § 1158(b)(2)(A)(iii), asylum is unavailable if "there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States." Because her arrest history directly implicated her eligibility for asylum, it was proper for the BIA to uphold the IJ's frivolous finding on this basis. *See Kulakchyan v. Holder*, 730 F.3d 993, 995-96 (9th Cir. 2013) (upholding frivolous finding based on misrepresentation that "went to the very question of whether [petitioner's] application" was barred by an eligibility requirement).

**DENIED.**