NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO JARAMILLO-LAUREANO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No.   17-71498 Agency No. A205-054-182 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020**
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Francisco Jaramillo-Laureano (Jaramillo) petitions for review of the Board

of Immigration Appeals' (BIA) order upholding an Immigration Judge's (IJ)

finding that he had filed a frivolous asylum application and was not entitled to

asylum, withholding of removal, or protection under the Convention Against

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.    We review the IJ's adverse credibility determination for substantial evidence and will uphold it "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). Where, as here, an IJ gives several reasons for his adverse credibility finding, it must be upheld "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (alterations omitted). In post-REAL ID Act cases like this, "[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010).

Jaramillo's claims for relief from removal centered around an incident in which his sister-in-law and son were allegedly kidnapped in Mexico. Substantial evidence supports the IJ's finding that Jaramillo testified inconsistently about the timing of this kidnapping and whether it was the motivating factor behind his decision to bring his family to the United States.

Jaramillo first testified that the kidnapping occurred in 2006 or 2008 and that it led him to begin to bring his wife and children to the United States. Jaramillo's

asylum application listed most of his family members as having entered the United States in 2009, which would have been consistent with his initial testimony. But after being confronted with evidence that the kidnapping had instead taken place in 2011—after most of his family had already left Mexico—Jaramillo changed his story and claimed that threats and requests for payment that *preceded* the kidnapping were what had actually motivated him to bring his family to the United States. This inconsistent testimony went to the heart of Jaramillo's claims for relief from removal and therefore provided a sufficient basis for the IJ's adverse credibility determination.[1] *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Testimony about the events leading up to the petitioner's departure, or about the circumstances that led to the persecution, go to the 'heart of the claim.'").

    2.    Jaramillo was given an adequate opportunity to explain the inconsistencies in his testimony. On cross-examination, the Government asked Jaramillo why he had initially testified that the kidnapping motivated him to bring his family to the United States only to later concede that the kidnapping took place in 2011, after most of his family had already arrived in the U.S. *See Rizk*, 629 F.3d at 1088 ("[T]he opportunity to explain may be provided through cross-examination . . . ."). Jaramillo said only that he had been mixed up by the questioning and had

_____

[1] In light of our conclusion, we need not address whether the other grounds given for the adverse credibility determination were supported by substantial evidence.

misremembered the dates because he was "always working." This was not a "reasonable and plausible explanation," and the IJ was entitled to reject it. *See id.* Likewise, the record does not compel the conclusion that the inconsistencies in Jaramillo's testimony could be attributed to nervousness or lack of education.

3.    Substantial evidence supports the BIA's conclusion that absent his discredited testimony, Jaramillo failed to carry his burden of establishing that he was entitled to asylum, withholding of removal, or relief under the CAT.[2]

4.    On de novo review, we conclude that the IJ properly applied the framework from *Matter of Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007), in determining that Jaramillo filed a frivolous asylum application. *See Kulakchyan v. Holder*, 730 F.3d 993, 995 n.1 (9th Cir. 2013) (per curiam). Jaramillo received notice of the consequences of filing a frivolous application, and the IJ made a specific frivolousness finding. *See Matter of Y-L-*, 24 I. & N. Dec. at 155. Jaramillo's inconsistent testimony regarding the circumstances and timing of the kidnapping provided sufficient evidence to support the IJ's finding that he deliberately fabricated his account of the incident.

**PETITION DENIED.**

---

[2] We do not reach the BIA's alternative holding that Jaramillo's asylum application was untimely.

4