**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KYAW SOE LIN, | No. 18-70785 |
| Petitioner, | Agency No. A095-875-341 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2020**
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Petitioner Kyaw Soe Lin admittedly filed a frivolous asylum application

based on fraudulent allegations of persecution. The Immigration Judge ("IJ")

determined Lin was given adequate notice of the consequences of filing a frivolous

application and was thus barred from any immigration relief. *See* 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1158(d)(4), (6). The Board of Immigration Appeals ("BIA") affirmed the IJ's removal order. Lin petitions for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

Lin claims he did not have adequate notice of the consequences of filing a frivolous asylum application because he did not understand English and the translator who helped him did not advise him of the consequences. Lin, however, twice signed his name under the written notice provided on his immigration forms, and the translator certified the written notice was properly translated. Printed notice is adequate even where an applicant has limited English proficiency or claims error by the translator. *Cheema v. Holder*, 693 F.3d 1045, 1046 (9th Cir. 2012); *see Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013). Because Lin signed his name on the written notice and Lin's translator signed the notice indicating that he read the notice to Lin and that Lin "understood," substantial evidence supports the BIA's conclusion that Lin had notice of the consequences of filing a frivolous asylum application. *See Kulakchyan*, 730 F.3d at 995.

**PETITION FOR REVIEW DENIED.**