**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA PAOLA SALAZAR ARROYO DE RUCAL; ZURY SAMIRA RUCAL SALAZAR,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  20-71271<br><br>Agency Nos.  A208-307-062<br>A208-307-063<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2022
Seattle, Washington

Before:  IKUTA and MILLER, Circuit Judges, and PREGERSON,** District Judge.

Ana Paola Salazar Arroyo De Rucal petitions for review of an order of the

Board of Immigration Appeals affirming an immigration judge's decision finding

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

her to be not credible and denying her applications—and the rider application of her daughter, Zury Samira Rucal Salazar—for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). She also challenges the Board's affirmance of the immigration judge's finding that she knowingly filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and grant it in part.

1.  The agency found Arroyo De Rucal not credible because of conflicts among her testimony, declarations, and other documentary evidence. We review adverse credibility findings for substantial evidence, and the agency's finding is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

In a sworn statement given at the border, Arroyo De Rucal told an agent that although she had never been threatened, she fled Guatemala because she feared retribution from the gang members who killed her husband. But in a declaration and during her immigration hearing, she described an incident in which members of the gang approached her, told her they knew where she lived, and instructed her not to report her husband's death to the police. Arroyo De Rucal's "inability to consistently describe the underlying events that gave rise to [her] fear was an important factor that could be relied upon by the IJ in making an adverse

2

credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). Her explanation—that she was confused by the question—was not so persuasive that any reasonable factfinder would be compelled to accept it. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc).

Additionally, the immigration judge identified inconsistencies between Arroyo De Rucal's testimony and the supplemental declaration that she submitted on the day of her merits hearing. In the declaration, she stated that her friend told her that gang members were looking for Arroyo De Rucal "a few months" after she left Guatemala. But during her hearing, she said that the gang's inquiry occurred "eight months" to "a year" after she fled. Had gang members been interested in her a year after she left Guatemala, as opposed to only a few months, this would have implied a continuing interest in her that would have been relevant to her fear of future persecution. The immigration judge did not err in relying on that inconsistency to support an adverse credibility finding. *Cf. Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004).

Finally, Arroyo De Rucal submitted evidence that contradicted several pieces of her testimony. A report purportedly from the "Ministerio Publico" described how she recounted the details of her husband's death, identified the gang members who killed him, and stated that she had received threats from gang

members in the months following his murder. But she testified that she did not report the death of her husband to the authorities, that she did not know the names of the men who killed her husband, and that she was too afraid to report the threats she received. The statements within the report and the existence of the report itself thus contradicted key aspects of her testimony, so substantial evidence supports the conclusion that it undermined her credibility. Because Arroyo De Rucal does not argue that the other evidence in the record establishes her eligibility for relief, we deny this portion of the petition for review.

2. To find that a petitioner has submitted a frivolous asylum application, the immigration judge must conclude that there is "sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated," among other requirements. *Kulakchyan v. Holder*, 730 F.3d 993, 995 n.1 (9th Cir. 2013) (per curiam). This finding must be supported by a preponderance of the evidence. *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008). "Whether a fabrication encompassed material elements of a claim is a mixed question of fact and law that we review de novo." *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022).

The immigration judge found that the report from the Ministerio Publico was "manifestly false" because Arroyo De Rucal submitted it despite testifying that she did not go to the Ministerio Publico or any other authority to make a report. He

concluded that its submission demonstrated that a material element of Arroyo De Rucal's application was false because she offered the report to show "past persecution, a well-founded fear of future persecution, as well as . . . that the persecution was by the government or groups which the government is unable or unwilling to control." But we have held that "[f]abrication of material evidence does not necessarily constitute fabrication of a material element." *Khadka v. Holder*, 618 F.3d 996, 1004 (9th Cir. 2010). Though the immigration judge was permitted to rely on the inconsistencies between Arroyo De Rucal's testimony and the report to find that she was not credible, the report itself does not establish that a material element of her claim was "actually false." *See id.* Like the petitioner in *Khadka*, Arroyo De Rucal submitted other evidence to prove the elements of her claim, such as her testimony, her declarations, affidavits from her friends, and country conditions evidence. *See id.* at 1003. Accordingly, the agency's frivolousness finding is not supported by a preponderance of the evidence, and we remand for further proceedings.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.**