**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Fars Wade Kerota, | No. 21-514 |
| Petitioner, | Agency No.    A206-911-620 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]
Pasadena, California

Before: PAEZ, CHRISTEN, MILLER, Circuit Judges.

Petitioner Fars Wade Kerota ("Kerota") petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration

Judge's ("IJ") decision.  The agency 1) found that Kerota's 2014 asylum

application was frivolous; 2) terminated Kerota's asylee status; and 3) denied

him protection from removal to the Netherlands.  We have jurisdiction under 8

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We deny the petition for review.

Kerota challenges the BIA's finding that he filed a frivolous asylum application. "Under [the Immigration and Nationality Act] section 208(d)(6), an alien found to have 'knowingly made a frivolous application for asylum' despite receiving notice of the consequences, becomes 'permanently ineligible for any benefits' under the statute." *Ahir v. Mukasey*, 527 F.3d 912, 916 (9th Cir. 2008) (citing 8 U.S.C. § 1158(d)(6)). "An application is frivolous if . . . [a]ny of [its] material elements . . . is deliberately fabricated, and the [IJ] or the [BIA] is satisfied that the applicant . . . has had sufficient opportunity to account for any discrepancies." 8 C.F.R. § 1208.20 (a)(1). "Whether the IJ properly applied the regulatory framework is a question of law" that we review de novo, while administrative findings of fact "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (citations omitted).

There is no dispute that Kerota fraudulently obtained asylum status in 2014. On his application, he claimed that his name was Fars Wade Kerota, that he had never used any other names, that he and his family only held citizenship in Iraq, and that they fled Iraq in August 2014, fearing they would be persecuted or tortured by ISIS because of their status as Chaldean Christians. But as United States authorities later discovered, Kerota's birth name is Feras Yagob Hermiz. He and his family fled Iraq in December 2003 and resettled in the Netherlands, where Kerota became a naturalized citizen in 2008. The family

left the Netherlands in 2014 and entered the United States because they were seeking medical care for Kerota's eldest daughter.

The sole issue we must decide is whether Kerota received notice of the consequences of filing a frivolous asylum application. The governing statute, 8 U.S.C. § 1158(d)(4)(A), requires that, "[a]t the time of filing an application for asylum, the Attorney General shall advise the alien . . . of the consequences . . . of knowingly filing a frivolous application for asylum." *See also Ahir*, 527 F.3d at 917. Because the agency's finding that Kerota received notice is a factual one, we review for substantial evidence. *Kulakchyan*, 730 F.3d at 995.

Substantial evidence supports the BIA's finding that Kerota received notice of the consequences of filing a frivolous asylum application. First, Kerota received the written warning set forth on the I-589 asylum application and signed his name in his native language underneath. Standing alone, "the written advisals on the I-589 asylum application form provide applicants with adequate notice of the consequences of filing a frivolous asylum application." *Cheema v. Holder*, 693 F.3d 1045, 1050 (9th Cir. 2012). Although Kerota argues that he did not understand English when he signed the form, and that the warning was not translated into his native language, the preparer of the application signed a declaration attesting that "the completed application was read to [Kerota] in his . . . native language." Kerota also printed his alias in English below the warning, and he was assisted by counsel in filing the application. Based on these facts, the BIA reasonably found that Kerota

3                                                          21-514

received adequate notice.  *See Cheema*, 695 F.3d at 1049.

Kerota argues that he did not receive additional oral or written warnings about the frivolous filing consequences, while the petitioner in *Cheema* did. *Cheema,* however, did not hold that additional warnings were required.  *Id.* at 1050 (noting that Cheema conceded "that the statute does not otherwise require notice to be given orally by an IJ or asylum officer").  At his February 2015 removal hearing, Kerota testified that his asylum application and declaration were truthful and complete.  Kerota also admitted at his reopened removal proceeding in October 2018 that he had known about the consequences of filing a frivolous application.  When asked if he understood that there were penalties for filing a frivolous application for asylum "at the time when [he] completed [his] application," Kerota responded, "Yes."  Kerota's own testimony and the record evidence support the BIA's finding that he received adequate notice under 8 U.S.C. § 1158(d)(4)(A).

**PETITION DENIED.**[1]

---

[1] Kerota also filed a Motion for Stay of Removal pending the resolution of this appeal, which the government opposed.  The motion is denied as moot.