**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Wilson Fomunyoh Atud,<br><br>              Petitioner,<br><br>    v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>              Respondent. | No. 21-1087<br><br>Agency No.    A201-742-974<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Wilson Atud Fomunyoh ("Atud") petitions for review of the denial of his

claims for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). Atud also challenges the finding that his

asylum claim was frivolous. Because the Board of Immigration Appeals

("BIA") adopted the immigration judge's ("IJ") decision but "did not merely

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

provide a boilerplate opinion," *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021) (citation omitted), we review both decisions. *See Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252.

Atud claims that he is an Anglophone teacher who fled Cameroon after being twice detained and brutally beaten by police because he helped organize protests as a member of the Teachers' Trade Union ("Union"). It is undisputed that the Cameroonian government met these protests with fierce repression, including killing protestors. In support of his claims for relief from removal, Atud offered six sworn affidavits, including one from a Union official; a letter from the hospital where he was allegedly admitted after his second arrest; and his government-issued "Diploma of Senior Youth and Action Instructor." Atud's counsel also attempted to submit a letter of appointment certifying Atud's post as a teacher in Bamenda, but the IJ did not admit the document because it was in French and had not been translated. In turn, the government submitted a 2011 non-immigrant visa application ("NIV application"), in which Atud stated that he was a civil engineer.

**1. Adverse Credibility Finding.** The denials of Atud's claims for relief rest on the IJ's determination that Atud was not credible. Adverse credibility determinations are reviewed for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and require a "healthy measure of deference," *id.* at 1041. Because the credibility determination must take "the totality of the circumstances" into account, *Kumar*, 18 F.4th at 1152–53, the IJ is required to

"consider and address, as necessary or otherwise appropriate, relevant evidence that tends to contravene a conclusion that a given factor undermines credibility," *Shrestha*, 590 F.3d at 1044.

Here, the IJ failed to consider credible evidence that strongly suggested Atud was a teacher involved in protests who was subsequently arrested, beaten, and forced into hiding. *See Shrestha*, 590 F.3d at 1040. This evidence includes Atud's government-issued "youth instructor" diploma, secondary school transcripts with dates suggesting he could not have been in engineering school on the dates claimed in the NIV application, and the signed letter from the hospital.

The IJ also improperly discounted the many affidavits. *See Munyuh v. Garland*, 11 F.4th 750, 763 (9th Cir. 2021) ("[An] IJ's error in discounting [probative] documents is . . . relevant to the ultimate determination of [the petitioner's] credibility."). The IJ gave these documents little weight because "no witnesses apart from the respondent were available for cross-examination . . . . [and] those individuals [who provided affidavits] were not available for questioning." While an IJ may decide affidavits are entitled to little weight when they lack sufficient indicia of reliability, *see id.* at 762–63, this is not such a case. The affidavits here "contain different information, consistent with what each affiant would likely know, and all of which together confirm the general contours of [Atud's] account." *Id.* at 763. Atud submitted multiple affidavits that, taken together, support his account of having been

3                                                                                    21-1087

detained, beaten, and pursued by the Cameroonian military for his advocacy on behalf of Anglophone teachers. These affidavits were "high quality," as they were notarized and included pictures of each affiant's identification card, *see id.*, and merited full weight. Atud also submitted a declaration from a Union official attesting that Atud was a teacher involved in planning the protests. Though not notarized, this declaration was signed and provided a specific, non-boilerplate account of Atud's activism on behalf of Anglophone teachers in Cameroon. *See id.* The IJ erred in rejecting the affidavits simply because none of the affiants—all located in Cameroon and some facing persecution themselves—were presented for cross-examination. At a minimum, the IJ should have given Atud "adequate notice that [he] was required to present such corroborative evidence and the opportunity either to obtain it or explain why it was unavailable."[1] *Id.*

Because the IJ erred by failing to consider all the record evidence (and thus the totality of the circumstances), substantial evidence does not support the adverse credibility finding. Several of the "inconsistencies" the IJ identified either were not inconsistent, were trivial, or could be attributed to "the normal limits of human understanding and memory." *See Shrestha*, 590 F.3d at 1044–

---

[1] Where an applicant's testimony is found not credible, the IJ is not required to provide an opportunity to obtain additional corroborating evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). But that rule does not apply where the credibility determination is in question or where the IJ has not appropriately considered the existing corroborating evidence. *See id.*; *Munyuh*, 11 F.4th at 763.

45; *see also Munyuh*, 11 F.4th at 760; *Kumar*, 18 F.4th at 1153. The IJ also relied upon the 2011 NIV application in which Atud represented that he was an engineer. That misrepresentation weighs against, but does not foreclose, a positive credibility finding that must be based upon the totality of the circumstances. We thus grant the petition and remand for further consideration of Atud's credibility.

2. **Frivolousness Finding.** Determinations that a petitioner made a frivolous application for asylum are reviewed de novo. *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam). An application for asylum is frivolous if "[a]ny of the material elements . . . is deliberately fabricated." 8 C.F.R. § 1208.20. A finding of frivolousness does not flow automatically from an adverse credibility determination, in part because the IJ's determination that the applicant knowingly filed a frivolous application must be supported by a higher standard: a preponderance of the evidence. *Yan Liu v. Holder*, 640 F.3d 918, 925, 927 (9th Cir. 2011); *see Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010). Here, the IJ relied on the 2011 NIV application to find that Atud misrepresented a material fact (his profession). However, apart from the NIV application, all the record evidence supports Atud's claim that he was a teacher. Because the NIV application is only one piece of evidence, and it was filed before any of the alleged persecution took place, the frivolousness finding is not supported by a preponderance of the evidence.

3. **CAT Claim.** Denials of CAT relief are reviewed for substantial

evidence. *Yali Wang*, 861 F.3d at 1007. Because the denial of CAT relief was based on the adverse credibility finding, we remand for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED AND REMANDED.**