**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARCO POLO, | No.   16-70472 |
| Petitioner, | Agency No. A205-177-499 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023[**]
Pasadena, California

Before:   WALLACE and OWENS, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Marco Polo, a native and citizen of Peru, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ's") order denying Polo's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 to conduct judicial review. We deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Legal conclusions, such as frivolousness findings, are reviewed de novo. *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam).

1. The BIA relied on the IJ's adverse credibility finding to reject petitioner's application for asylum and withholding. This case is governed by the REAL ID Act, which dictates that "an adverse credibility determination must be made after considering the totality of circumstances, and all relevant factors." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (internal quotation marks omitted). Relevant factors include "the consistency between . . . written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii).

The BIA and the IJ relied on numerous inconsistencies between petitioner's testimony at his individual hearing and his written application materials to conclude that he was not credible. The most critical discrepancy lay in petitioner's evidence of

2

past persecution. Petitioner filed several declarations alleging past persecution based solely on his father's position as an officer of the National Police of Peru and the threats that petitioner's family received as a result. Petitioner never mentioned in these statements any injury that he suffered personally. Even during his direct examination, petitioner's attorney asked him if he had ever been directly harmed, and petitioner initially responded "no." Yet minutes later, petitioner stated for the first time that he was attacked and physically harmed by masked men. Petitioner claimed that the attack was motivated by his father's work and that the attack was the impetus behind his father's sending him to live in the United States. A written statement from petitioner's father, however, neglected to mention this attack. Other inconsistencies related to this story abound in petitioner's testimony.

Both the IJ and the BIA expressly invoked the totality of circumstances standard imposed by the REAL ID Act and listed cogent reasons supporting the conclusion that petitioner's testimony was incredible. Because the record does not compel the conclusion that the adverse credibility determination was erroneous, we deny the petition for review as it relates to that decision.

2. The adverse credibility determination independently supports the denial of petitioner's applications for asylum and withholding of removal. *See Shrestha*, 590 F.3d at 1048 n.6. Disregarding petitioner's discredited testimony, the record is devoid

3

of evidence that petitioner suffered persecution in the past or has an objectively reasonable fear of experiencing persecution in the future. Accordingly, we deny the petition for review as it pertains to the denial of asylum and withholding of removal.

3. Petitioner makes no argument in his opening brief challenging the BIA's and IJ's denial of relief under the CAT. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not argued are considered abandoned). We therefore do not address that portion of the decision below.

4. The IJ held that petitioner filed a frivolous application, and the BIA affirmed that decision. "An application is frivolous if . . . [a]ny of the material elements in the asylum application is deliberately fabricated . . . ." 8 C.F.R. § 1208.20(a)(1). If an applicant knowingly files a frivolous application, the applicant is "permanently ineligible for any benefits under [the Immigration and Nationality Act]." 8 U.S.C. § 1158(d)(6). The law does not require any "concrete or conclusive" evidence to support a frivolousness finding. *Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008) (citation omitted).

The BIA has established a procedural framework that an IJ must employ in making a frivolousness finding. *See In re Y-L-*, 24 I. & N. Dec. 151, 155 (BIA 2007). Our review of the record confirms that the IJ adhered to this framework. He ensured that petitioner had notice of the consequences of filing a frivolous application and

4

provided petitioner several opportunities to amend his statements and explain any discrepancies therein. The IJ also listed several cogent reasons supporting his frivolousness determination and expressly invoked and applied the preponderance of the evidence standard required by *In re Y-L-*.

Additionally, the frivolousness finding itself is supported by the record. As the IJ noted, petitioner's purported explanations for his failure to mention the attack before his individual hearing were inadequate. Moreover, there is evidence in the record suggesting that petitioner's story was fabricated; for instance, the statement from petitioner's father—evidence that could have corroborated petitioner's testimony—makes no mention of the attack.

Our review of the record reveals sufficient circumstantial evidence suggesting that petitioner fabricated a material element of his claim for relief. We therefore deny the petition for review of the frivolousness finding.

**PETITION DENIED**.