

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOVANNY PAL,

        Petitioner,

v.

WILLIAM P. BARR, Attorney General,

        Respondent.

No.   16-73460

Agency No. A095-195-265

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2020[**]
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Sovanny Pal petitions for review of the Board of Immigration Appeal's

("BIA") dismissal of her appeal from the immigration judge's ("IJ") denial of her

application for adjustment of status based on the frivolous asylum bar. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the factual history of this proceeding we need not recount it here.

We review de novo whether the BIA properly applied the *Matter of Y-L-,* 24 I & N Dec. 151, 155 (BIA 2007), framework in determining that Pal filed a frivolous asylum application. *See Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam). The BIA properly concluded that Pal had notice of the consequences of filing a frivolous application, and its specific finding that she deliberately fabricated the application was supported by a preponderance of the evidence; Pal was also given the opportunity to explain the discrepancies in her application. *Id.* n.1.

Pal had notice of the consequences when she signed her asylum application beneath a bold-print warning of the consequences of filing a frivolous application and when she affirmed that she was aware of those consequences at her asylum interview. *See Cheema v. Holder*, 693 F.3d 1045, 1049 (9th Cir. 2012); *see also Kulakchyan*, 730 F.3d at 995. The BIA's specific finding that Pal filed a frivolous application is supported by substantial evidence, including the fact that Pal renewed her fabricated application after she purportedly knew of its contents. *See Ahir v. Mukasey*, 527 F.3d 912, 918 (9th Cir. 2008). The record indicates that both the initial IJ before whom Pal appeared and the BIA sufficiently notified Pal that

2

her application would likely be considered frivolous, and she had the opportunity to submit additional materials to refute a frivolousness finding.

We deny Pal's petition as to her due process claim that she did not have adequate notice and opportunity to respond to the allegations of frivolousness. *Cf. Kulakchyan*, 730 F.3d at 996 (holding that the petitioner had "several months to craft her explanation in response" to the government's motion to pretermit her application for asylum based on the frivolous asylum bar, and this time period gave her a sufficient opportunity to respond).

We lack jurisdiction to consider Pal's claim that her due process rights were violated by inadequate translation at her asylum interviews because she did not exhaust her administrative remedies. *Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**