**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAKOB CHILINGARYAN, AKA Hakob Arshalouysi Chilingaryan, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-71726 <br><br> Agency No. A075-758-457 <br><br> MEMORANDUM[*] |
| HAKOB CHILINGARYAN, AKA Edgar Babaian, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-70227 <br><br> Agency No. A075-758-457 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2020[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Hakob Chilingaryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals's (the "Board's") May 15, 2017 ruling that he filed a frivolous asylum application and the Board's January 17, 2018 order denying his motion to reopen and remand. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013). Where, as here, the Board cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and provides its own review of the evidence and the law, we review both the Immigration Judge's (the "IJ's") and the Board's decision. *See Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions.

1. Chilingaryan conceded that he knowingly filed a false claim for asylum, and substantial evidence supports the agency's determination that Chilingaryan received adequate notice of the consequences of filing a frivolous application and thus knowingly filed a frivolous application for asylum. *See* 8 U.S.C. § 1158(d)(4)(A), (6). The record shows that in April 2006 Chilingaryan signed his asylum application directly beneath a warning which advises that "[a]pplicants determined to have knowingly made a frivolous application for asylum will be permanently ineligible for any benefits under the Immigration and

2

Nationality Act"; the preparer of Chilingaryan's application certified that the application was read to Chilingaryan in "his . . . native language or a language he . . . understands"; at his November 2009 asylum interview, Chilingaryan signed the "Record of Applicant and Interpreter Oaths During an Interview," swearing that he was advised of the consequences of filing a frivolous application by his interview interpreter; his interview interpreter signed the same document certifying that he was qualified to act as an interpreter, had read the document to Chilingaryan, and that Chilingaryan stated he understood him; and at his May 2016 removal hearing Chilingaryan admitted both that he signed the "Record of Applicant" document and that he did not inform his interpreter that he misunderstood the document's translation. *See Kulakchyan*, 730 F.3d at 995; *Cheema v. Holder*, 693 F.3d 1045, 1049–50 (9th Cir. 2012) (holding that the written warning on the asylum application adequately notifies the applicant of the consequences of filing a frivolous application). The Board and the IJ did not err in crediting the declarations of two different interpreters stating that they translated the written warnings for Chilingaryan over Chilingaryan's uncorroborated testimony that they did not, given his admission that he sought asylum using a false identity. *Kulakchyan*, 730 F.3d at 995; *see also Singh v. Holder*, 753 F.3d 826, 835–37 (9th Cir. 2014) (holding that the agency may weigh conflicting evidence even when there is no adverse credibility finding).

2.    The Board did not abuse its discretion by denying Chilingaryan's motion to reopen.  Even assuming his former counsel was deficient, Chilingaryan cannot demonstrate prejudice.  As noted above, Chilingaryan had notice of the consequences of filing a frivolous application and the agency's determination that it lacked jurisdiction to adjudicate his 2006 asylum application did not affect the materiality of his misrepresentations.  An application may be found frivolous even when it has become moot.  *See, e.g.*, *Kulakchyan*, 730 F.3d at 996 ("We therefore join several of our sister circuits in holding that . . . a frivolousness finding [may be] based on a withdrawn application.").  Furthermore, because Chilingaryan knowingly filed a frivolous application for asylum and substantial evidence supports the agency's determination that he received adequate notice of the consequences of doing so, he is ineligible for adjustment of status.

**PETITIONS DENIED.**

4