NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHESH BHAI SITAL, | No.   21-70033 |
| Petitioner, | Agency No. A093-446-509 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[**]
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[***] District Judge.

Mahesh Bhai Sital, a native and citizen of Fiji, petitions this Court for

review of the Board of Immigration Appeals' ("BIA") decision dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

appeal from the immigration judge's ("IJ") decision finding that he filed a frivolous asylum application and concluding that he was barred from immigration relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), in its decision and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). Where the BIA cites *Burbano* and adds its own reasoning, this Court reviews both the IJ's and the BIA's decisions. *Aguilar Fermin v. Barr*, 958 F.3d 887, 891 (9th Cir. 2020).

"An [asylum] application is frivolous if . . . [a]ny of the material elements in the asylum application is deliberately fabricated[.]" 8 C.F.R. § 1208.20(a)(1). "In order to sustain a finding of frivolousness, (1) 'an asylum applicant must have notice of the consequences of filing a frivolous application;' (2) 'the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application;' (3) 'those findings must be supported by a preponderance of the evidence;' and (4) 'the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application.'" *Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) (quoting *Ahir v. Mukasey*, 527 F.3d 912, 917

(9th Cir. 2008)).  "A 'determination that an applicant knowingly made a frivolous application for asylum' is reviewed de novo 'for compliance with [the] procedural framework outlined by the BIA.'"  *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam) (quoting *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010)).  "'Whether the IJ properly applied the regulatory framework is a question of law,' . . . and therefore is reviewed de novo."  *Id.* (quoting *Khadka*, 618 F.3d at 1002).  "Administrative findings of fact, meanwhile, 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Id.* (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

1.     The record supports the IJ's finding that Sital received notice of the consequences of filing a frivolous asylum application.  Although Sital testified that the written warning on the asylum application was not translated for him, the IJ was "entitled to weigh conflicting evidence" and to give greater weight to the documentary evidence contradicting Sital's testimony, including signed oaths and certifications that his asylum application and asylum interview were translated into his native language.  *Singh v. Holder*, 753 F.3d 826, 835–36 (9th Cir. 2014).  To the extent Sital seeks to assert a claim that he did not receive required notice that he had the right to counsel, this Court lacks jurisdiction to consider this claim because it was not raised before the BIA.  *Ahir*, 527 F.3d at 917.

2.     Sital argues that the IJ failed to make the required finding that he

3

knowingly filed a frivolous asylum application, but he did not raise this issue before the BIA. Accordingly, we lack jurisdiction to consider it. *Id.* Sital alternatively argues that the record compels the conclusion that he did not intend to file a frivolous asylum application. We disagree. Although he testified that he believed he was applying for a work permit, and his non-attorney representatives instead applied for asylum and concocted the false elements of his claim, including the false name of "Mahesh Dahyabhai" and his claim that he was from Pakistan, he admitted to perpetuating those falsehoods in his interview with an asylum officer. The IJ's detailed findings describing Sital's participation in the asylum application process and ultimate finding that he "deliberately fabricated his asylum application" are amply supported by the record.

3. The IJ's findings are supported by a preponderance of the evidence. Sital repeatedly admitted that he knew his asylum application contained a false name and false information that he was from Pakistan and that he reaffirmed those lies in his asylum interview. His argument that those false statements were not material to the asylum application is meritless. An applicant for asylum must have been persecuted or have a well-founded fear of persecution in "any country in which such person last habitually resided" and be unable or unwilling to return to that country, 8 U.S.C. §§ 1101(42), 1158(b)(1)(B)(i), and Sital falsely claimed to be from Pakistan rather than Fiji. His admitted falsehoods satisfy the required

4

preponderance of the evidence standard for the IJ's finding that he deliberately fabricated a material element of his asylum claim and therefore knowingly filed a frivolous asylum application. *See Khadka*, 618 F.3d at 1002.

4.      Sital was given an adequate opportunity to account for any discrepancies or implausibilities in his application. We lack jurisdiction to consider his claims that the IJ prejudged his case or reduced his opportunity to explain to a formality because he did not raise those claims before the BIA. *Ahir*, 527 F.3d at 917. The IJ provided Sital numerous briefing opportunities and held a hearing at which Sital testified before issuing a decision. The IJ's decision extensively discussed the documentary and testimonial evidence, expressly considered his assertions that he did not receive proper translation and that he was not aware that he was filing an asylum application, and appropriately weighed these explanations against Sital's testimony that he knowingly lied during his asylum interview and the other evidence in the record.

**PETITION DENIED.**