NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR RENE VIDES GIRON; FLOR DE MARIA ORELLANA CHAVARRIA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1104 <br><br> Agency Nos. <br> A088-121-541 <br> A088-121-553 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024[**]
Pasadena, California

Before: IKUTA, R. NELSON, and BRESS, Circuit Judges.

Hector Rene Vides Giron and his wife Flor de Maria Orellana Chavarria

("Petitioners"), both natives and citizens of Guatemala, petition for review of a

Board of Immigration Appeals (BIA) decision dismissing their appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). We review the agency's factual determinations for substantial evidence, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and its legal determinations de novo, *Andrade v. Garland*, 94 F.4th 904, 910 (9th Cir. 2024). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1.      Petitioners have waived any challenge to the agency's denial of asylum. Specifically, Petitioners waived or failed to administratively exhaust any challenge to the IJ's finding that their applications were untimely. *See* 8 U.S.C. § 1158(a)(2)(B). Petitioners do not contest the lateness of Hector's asylum application, and their argument that the untimeliness of Flor's application should be excused was not raised below. Petitioners failed to exhaust this issue, and therefore we do not review it here. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*.

---

[1] Consistent with the opening brief, and for ease of exposition, we sometimes refer to Petitioners by their first names.

Regardless, Petitioners' asylum claims fail on the merits. "A 'determination that an applicant knowingly made a frivolous application for asylum' is reviewed de novo 'for compliance with [the] procedural framework outlined by the BIA.'" *Kulakchyan v. Holder*, 730 F.3d 993, 995 (9th Cir. 2013) (per curiam) (quoting *Khadka v. Holder*, 618 F.3d 996, 1002 (9th Cir. 2010)). The IJ correctly applied the criteria laid out by the BIA in *Matter of Y-L*, 24 I. & N. Dec. 151 (BIA 2007), and substantial evidence supported its findings. Hector received ample notice, via written and oral warnings, about the consequences of a frivolous application. He admitted that his fabrication was intentional, testifying that he covered up his return trips to Guatemala "to protect my case." This misrepresentation was material, as his safe return trips undermined both the genuineness and reasonableness of his fear of future persecution. Hector was also provided sufficient opportunity to explain the fabrication during the April 2018 hearing. Nor did Hector make a timely recantation when he retracted his statements only after the government submitted evidence of his fabrication. *See Valadez-Munoz v. Holder*, 623 F.3d 1304, 1309–10 (9th Cir. 2010).

Likewise, even if not waived, substantial evidence supports the IJ's determination that Hector and Flor's asylum applications were untimely, nor have Petitioners provided a sufficient basis to excuse the untimeliness.

2.      Petitioners waived their withholding claims by failing to challenge the

3                                                                    23-1104

IJ's dispositive internal relocation finding. *See Tamang v. Holder*, 598 F.3d 1083, 1091, 1094 (9th Cir. 2010) (explaining that showings of past persecution and future persecution supporting withholding may be rebutted by an IJ's determination that petitioners can reasonably relocate within their home country).

Regardless, Petitioners' withholding claims fail on the merits. *First*, to obtain withholding of removal, Petitioners must show "that it is more likely than not" they will be persecuted in Guatemala "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017). The threats made to Petitioners, while unfortunate, do not rise to the level of past persecution. *See Sharma*, 9 F.4th at 1062 ("[M]ere threats, without more, do not necessarily compel a finding of past persecution.") (quoting *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021)). Nor have Petitioners demonstrated a "clear probability" of future persecution. *Id.* at 1059 (quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). Petitioners provided no evidence that the individuals who threatened them have expressed any continuing interest in Petitioners. Hector's two return trips to Guatemala, during which he was never harmed or threatened, further undermine the claim of future persecution.

*Second*, Petitioners have failed to establish that their proposed social group, "persons who actively oppose criminal organizations in Guatemala by refusing to comply with their demands," is recognized as a socially distinct group. *See Reyes v.*

*Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (social distinction requires that the "society in general perceives, considers, or recognizes persons sharing the particular characteristics to be a group") (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014)).

*Third*, Petitioners have not demonstrated that the source of the feared persecution is the government or persons the government is unwilling or unable to control. *See Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004). Indeed, the record indicates that the Guatemalan police acted promptly to try to protect Petitioners when they reported the threats.

3. Petitioners' CAT claims also fail. Petitioners failed to challenge the denial of CAT relief before the BIA, and so the claim is unexhausted. 8 U.S.C. § 1252(d)(1); *Umana-Escobar*, 69 F.4th at 550. Nor did they preserve the claim in this court. *See Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived.").

Regardless, Petitioners have not established that it is more likely than not that they would be tortured in Guatemala. *See Andrade*, 94 F.4th at 914. In addition to the lack of any past torture, Petitioners have supplied no evidence that their alleged persecutors remain interested in them, and Hector has returned twice without suffering any mistreatment.

**PETITION DENIED.**[2]

---

[2] Petitioners' motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.