NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUSOOF NAWAB, | No. 23-1879 |
| Petitioner, | Agency No. A096-661-953 |
| v. | MEMORANDUM[*] |
| JAMES R. MCHENRY III, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[***]

Petitioner Eusoof Nawab, a native of Burma and citizen of Germany, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

determination of an Immigration Judge that Nawab knowingly filed a frivolous asylum application and is therefore ineligible for any relief under the Immigration and Nationality Act ("INA"), including adjustment of status. He also seeks a stay of removal. We have jurisdiction under 8 U.S.C. § 1252. For the reasons stated below, we deny both Nawab's petition and his motion for a stay of removal.

If the agency determines that a noncitizen "has knowingly made a frivolous application for asylum," then the noncitizen "shall be permanently ineligible for any benefits under [the INA]." 8 U.S.C. § 1158(d)(6). Given these "harsh consequences," *Yan Liu v. Holder*, 640 F.3d 918, 929 (9th Cir. 2011), the agency may determine that an asylum application is frivolous only if certain substantive and procedural requirements are met under the *Matter of Y-L-* framework, *see Kulakchyan v. Holder*, 730 F.3d 993, 995 & n.1 (9th Cir. 2013) (per curiam) (discussing *Matter of Y-L-*, 24 I. & N. Dec. 151 (B.I.A. 2007)). As for the substantive requirements, the Government must prove by a preponderance of the evidence that an asylum application contains a deliberate fabrication concerning a material element of the noncitizen's claim. *See Yan Liu*, 640 F.3d at 927. As for the procedural requirements, the agency must find that: (1) the noncitizen was provided notice of the consequences of filing a frivolous asylum application, (2) the noncitizen knowingly filed a frivolous asylum application, (3) sufficient record evidence supports a finding that the noncitizen deliberately fabricated a material

element of his asylum claim, and (4) the noncitizen was afforded an opportunity to account for any discrepancies. *See id.* at 927–28. This Court considers whether the agency's frivolousness finding complied with the *Matter of Y-L-* framework *de novo*, *see Kulakchyan*, 730 F.3d at 995, and reviews any underlying factual findings for substantial evidence, *see Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

Nawab does not dispute that each of the procedural and substantive requirements are satisfied here. Specifically, Nawab does not dispute that: (1) while preparing his asylum application, he saw and understood multiple notices stating that making a frivolous claim would render him ineligible for relief under the INA; (2) he knowingly filed that application using a fake name, birthday, and country of citizenship; (3) he knowingly fabricated events in the written declaration accompanying that application; and (4) he was afforded an opportunity to explain the various discrepancies in that application. Instead, Nawab insists that two of his friends stole his passport and forced him to file his application under a false identity. However, he does not identify any evidence supporting that account. Nawab also suggests that either a "non-attorney immigration consultant" who assisted him in preparing his asylum application or the attorney who represented him before the agency was ineffective. However, once again, he fails to identify any evidence to that effect. Under these circumstances, the agency did not err in determining that Nawab filed a frivolous asylum claim and is therefore ineligible for relief under the

INA.

Additionally, even if Nawab were correct that the agency erred in determining that he filed a frivolous asylum claim—which he is not—he would still not be entitled to relief. In addition to concluding that Nawab was ineligible for adjustment of status because he had filed a frivolous asylum petition, the agency noted that it would "nevertheless . . . deny the respondent's request for adjustment in its discretion given the extent of the false information that has been presented." That is an independent ground to support the agency's decision that Nawab completely fails to address. And even if Nawab had addressed it, we would lack jurisdiction to review the agency's discretionary decision. *See Bazua-Cota v. Gonzales*, 466 F.3d 747, 748 (9th Cir. 2006) (per curiam) ("[T]he decision to deny Petitioner's application for adjustment of status is a discretionary determination, and is therefore unreviewable."); *see also Magana-Maganda v. Garland*, 124 F.4th 757, 765–66 (9th Cir. 2024) (discussing the jurisdiction-stripping provisions of the INA).

As for Nawab's request for a stay removal, Nawab simply states that the BIA "did not sufficiently review his appeal of the Immigration Judge's finding that he was ineligible to apply for various avenues of relief." That bare assertion does not satisfy the standard for a stay of removal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Accordingly, Nawab's motion for a stay of removal is denied.[1]

---

[1] The temporary stay of removal continues until the mandate issues.

**PETITION AND MOTION FOR STAY DENIED.**